ANN THOMPSON, APPELLEE, V. D. FRANK MARSHALL ET AL., APPELLANTS.

FILED FEBRUARY 8, 1907.   No. 14,516.

Evidence *held* to be insufficient to sustain the decree.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*A. W. Crites,* for appellants.

*A. G. Fisher* and *W. H. Fanning, contra.*

JACKSON, C.

The action is one to enforce the specific performance of a contract for the sale of land. From a decree for the plaintiff the defendants appeal.

It is alleged in the petition that the defendant, the Equitable Land Company, a corporation, with its principal place of business at Hastings, Nebraska, was the owner of the title, and that on the 6th day of October, 1902, it entered into a written contract with the plaintiff for the sale of the real estate at an agreed consideration of $320, of which sum $120 was to be paid in cash, $100 in one year, and $100 in two years thereafter, the deferred payments to bear interest at the rate of 7 per cent. per annum; that pursuant to the terms of the agreement

plaintiff paid the sum of $120, and entered into possession of the land; that the defendant thereafter refused to perform the contract, and the plaintiff tenders the remainder into court and asks specific performance.

The facts with reference to the title appear to be that one J. F. Wells died intestate siezed of the title to the land in dispute. His heirs were Sophia A. Wells, widow, and Jennie W. Ruedi, a daughter, residents of the state of Ohio. These heirs conveyed the title to the defendant, Equitable Land Company, in trust, to be by that company disposed of for their benefit. On October 3, 1902, the plaintiff procured her brother-in-law, James F. Walpole, to write to McKinley & Lanning of Hastings, Nebraska, relative to the purchase of the land. This letter is not in evidence. To this letter of inquiry McKinley & Lanning answered as follows: "Hastings, Neb., 10-6-02. James P. Walpole, Carey, Nebraska. Dear Sir: We have yours of October 3d, and note contents. We think the W½ SE¼, W½ NE¼, 9-32-53, in Sioux county, known as the George Brown land, can be sold for $320. If $120 is paid in cash, three years time can be given on the remainder at 7 per cent. interest, with the privilege of paying $50 or any multiple thereof at any interest payment and stopping interest on the amount paid. Yours truly, McKinley & Lanning." On October 15 of the same year plaintiff deposited in the Commercial State Bank of Crawford, Nebraska, $120, and procured the cashier of that bank to write the following letter to McKinley & Lanning: "Crawford, Neb., October 15th, 1902. Messrs McKinley & Lanning, Hastings, Neb. Gents: Yours of the 6th inst was handed to me by Jas. F. Walpole, Carey, Neb., for reply, who desires that a warranty deed for the following described land: W½ SE¼ and W½ NE¼, 9-32-53, Sioux Co., Neb., be executed in favor of Ann Thompson of Sioux Co., Neb., who upon receipt of same, accompanied by an abstract of title showing title perfect and no incumbrance, will adjust in the following manner; Cash down, $120; Note due in one year, $100; Note due in two years, $100—$320; with interest at

7 per cent. payable annually. She has deposited in our hands $120 for cash payment. She would prefer to have the notes read 'On or Before.' This lady is a sister-in-law of Mr. Walpole. Yours truly, O. K. Eastman, Cash." They answered as follows: "Hastings, Neb., 10-16-02. The Commercial State Bank, Crawford, Neb. Gentlemen: We have yours of October 15, with reference to the purchase of land in 9-32-53, Sioux county. We do not own this land. It is owned by a client of ours. We send today the abstract to this land to Harrison to be extended to see if the title is satisfactory and on receipt of the same will submit it to you. Do we understand that Ann Thompson to whom we are to convey this land and who is to make mortgage for deferred payment is an unmarried woman? If not, will you kindly give us the name of her husband. Yours truly, McKinley & Lanning." Considerable correspondence followed, covering a period of several months, during which time an abstract of the title was submitted by McKinley & Lanning to Mr. Eastman, who objected to the title, and no agreement was ever reached. In the meantime the plaintiff, without permission or authority from any one, entered into the possession of the land and made some improvements. The $120 deposited in the Commercial State Bank remained on deposit in the bank as the funds of the plaintiff. There is no competent evidence in the record that McKinley & Lanning were ever constituted the agents, either of the heirs of Wells or of the Equitable Land Company, for the sale of this land, or of the terms and conditions upon which a sale might be authorized.

The conclusion of the trial court is not supported by the evidence, and it is recommended that the decree be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the trial court is reversed and the

cause remanded for further proceedings. The motion to quash the bill of exceptions is overruled.

REVERSED.